■ In the Matter of CHAMPLAIN CREAMERIES, INC., et al., Petitioners, v. DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to annul determinations of the Commissioner of Agriculture and Markets which denied petitioners' applications for renewals of their licenses as milk dealers. The Agriculture and Markets Law requires that each milk dealer buying milk from producers for resale or manufacture shall file a bond conditioned for prompt payment of such producers, in an amount fixed by the Commissioner of Agriculture and Markets, not exceeding twice the value of the maximum monthly purchases nor $100,000 in any event. (§ 258-b, subds. 1, 3.) On March 19, 1959 the seven dealers who became the petitioners in this proceeding were notified to furnish additional bonds in very substantial amounts and upon their failure to do so, they were required to show cause at a hearing on April 16, 1959 why their applications for renewal licenses for the license year ending March 31, 1960 should not be denied. (§ 258-c.) Following hearings in May, 1959, the Commissioner filed his determinations, dated September 23 and 24, 1959, which in each instance denied the application for renewal for failure to file the additional bond (§ 258-c), the determination providing, however, that the order of denial

might be suspended if the applicant should within 30 days file an additional bond in the amount prescribed by the determination, the result being to require the maximum security in four cases and substantial increases from the original bonds in the three others. Enforcement of the determinations was stayed by Special Term order, pending determination of this proceeding, which was commenced by one petition in which all the applicants joined. Petitioners' separate financial statements, the latest before the Commissioner being those of October 31, 1958, supplied evidence, properly given preponderant effect, which warranted the determination in each case. In two cases, current liabilities exceeded current assets by large margins and in the others, where the balance was the other way, the excess was small in two cases and in the others not impressive in the light of the large amounts required for monthly payment of the producers, within a credit period of 55 days in all but one case. In each instance, the cash balance was extremely small and in every case the reported earnings must thus be characterized. The Commissioner seems to have been thoroughly co-operative in awaiting petitioners' efforts to better the situation, but current financial statements agreed to be produced were not forthcoming, certain financing thought to be available did not eventuate and a plan to change the system of monthly payments to producers by making early payment for a portion of the month's deliveries was not adopted. We find no error and no arbitrary action. It has been suggested on the argument that the financial condition of petitioners has improved; and if this is so the question of fair and just security is not precluded by our decision upon renewals by the respondent in the current application for continued license in the light of such improved condition. Determinations confirmed, without costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.